UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONY GARCIA, HIGH POWER RECORDS, and TONY GARCIA MUSIC,

    Plaintiffs,

- against -

SAMMY LOPEZ,

    Defendant.

**ORDER**

15 Civ. 5178 (PGG) (SDA)

PAUL G. GARDEPHE, U.S.D.J.:

    On July 2, 2015, Plaintiffs Tony Garcia, High Power Records, and Tony Garcia Music initiated this copyright infringement and breach of contract action against Defendant Sammy Lopez. (Dkt. No. 2) Plaintiffs allege that Defendant publicly performed Plaintiffs' copyrighted music without their permission, and then breached an agreement to stop performing Plaintiffs' music. (Am. Cmplt. (Dkt. No. 83) ¶¶ 19, 31-46)

    In May 2019, this Court entered an order of default against Defendant (see Order of Default (Dkt. No. 94)), and referred this case to Magistrate Judge Stewart D. Aaron for an inquest on damages. (Am. Order of Reference (Dkt. No. 93)) Judge Aaron has submitted a Report and Recommendation ("R&R") regarding the appropriate amount of damages. (See R&R (Dkt. No. 102)) For the reasons set forth below, this Court will adopt Judge Aaron's R&R in its entirety.

## BACKGROUND

The Clerk of Court issued a Certificate of Default as to Defendant Lopez on January 4, 2019. (Dkt. No. 89) This court ordered Defendant to show cause on May 16, 2019, why a default judgment should not be entered against him. (Dkt. No. 90)) Defendant Lopez did not appear on that date. (Dkt. No. 94) Accordingly, this Court entered an order of default against him (id.), and referred this case to Judge Aaron for an inquest on damages (Dkt. No. 93).

On June 11, 2019, Judge Aaron directed the parties to submit briefs regarding damages. (Dkt. No. 96) Plaintiffs made a detailed submission in support of their request for damages. (Dkt. Nos. 97, 98) Defendant did not make a submission.

On August 9, 2019, Judge Aaron issued an R&R recommending that this Court award Plaintiffs: (1) $120,000.00 in statutory damages under the Copyright Act, consisting of $30,000.00 for each infringement of Plaintiffs' four copyrighted works, and (2) $323.65 in costs. (R&R (Dkt. No. 102) at 8) Copies of the R&R were sent to the parties on August 9, 2019. Neither side has filed objections to the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a

2

magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a **"FAILURE TO FILE TIMELY OBJECTIONS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW."** (R&R (Dkt. No. 102) at 9 (emphasis original); see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations"); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations")). Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Aaron's R&R.

Because neither side filed objections to Judge Aaron's R&R, the parties have waived judicial review. The Court has nonetheless reviewed the 9-page R&R and finds it to be thorough, well reasoned, and free of any clear error. Accordingly, Judge Aaron's R&R will be adopted in its entirety.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety and Plaintiffs are awarded (1) $120,000.00 in statutory damages under the Copyright Act and (2) $323.65 in costs. The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
September 28, 2019

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge